IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02428-PAB-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANSUNION, LLC,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Cerdit** (sic) **Expert Request** [Docket No. 45; Filed February 3, 2010] and a second **Motion for Cerdit** (sic) **Expert Request** [Docket No. 47; Filed February 5, 2010] (the "Motions"). The texts of the Motions are identical.

    Plaintiff is proceeding *pro se*. The Motions are largely unintelligible. It may simply be Plaintiff's attempt to designate experts pursuant to Fed. R. Civ. P. 26(c)(2) and the Scheduling Order [Docket No. 39] deadline of February 4, 2010.  If so, the designation is insufficient pursuant to the express language of Fed. R. Civ. P. 26(c)(2).

    On the other hand, the Motions may also contain Plaintiff's request that the Court appoint an "[e]xpert for Plaintiff's Credit Report."  Pursuant to Federal Rule of Evidence 706, a District Court "may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties

to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection." Courts have held that, under Rule 706(b), a District Court can apportion costs of an expert witness, and that this authority extends to excusing indigent parties from paying their share of the costs. *See, e.g., Ledford v. Sullivan*, 105 F.3d 354, 360-61 (7th Cir. 1997). However, Rule 706 provides no explicit instruction as to when an expert *should* be appointed by the Court. "While Rule 706 provides no standard for determining when to appoint an expert, the policy [of promoting accurate factfinding] underlying the provision supplies some guidance." 29 *Federal Practice and Procedure,* Wright & Gold, § 6304, at 465 (1997).

Courts have hesitated to find any affirmative obligation to exercise their Rule 706 power. *See, e.g., Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Okla. Natural Gas Co. v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir. 1986). In the absence of "complex scientific evidence or complex issues," the circuit courts have held that a district court does not abuse its discretion in declining to appoint an expert pursuant to Rule 706. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991); *see also Cestnik v. Fed. Bureau of Prisons*, 84 Fed. Appx. 51, 53 (10th Cir. Dec. 18, 2003) (unpublished case) ("Given the relative lack of complexity of [the] case and [Plaintiff's] failure to submit any evidence that he was financially unable to retain his own physician, we cannot say that the refusal to appoint an expert constituted abuse of discretion.").

I find that the issues in the case are not overly complex or scientific. It appears that both the Court and a jury would be able to understand the issues presented by Plaintiff's case without the assistance of a court-appointed expert. Accordingly, to the extent that the Motions seeks appointment of an expert witness by the Court,

IT IS HEREBY **ORDERED** that the Motions are **DENIED.**

Dated: February 9, 2010

BY THE COURT:

___/s/ Kristen L. Mix_____
Kristen L. Mix
United States Magistrate Judge