IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02428-PAB-KLM

RONALD J. NAGIM,

      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANS UNION, LLC,

      Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion for Summary Judgment** [Docket No. 74; Filed August 30, 2010] filed by Defendant Trans Union LLC ("Trans Union"), the **Motion for Summary Judgment** [Docket No. 77; Filed August 30, 2010] filed by Defendant Equifax Information Services LLC ("Equifax"), and the **Motion for Summary Judgment** [Docket No. 78; Filed August 30, 2010] filed by Defendant Experian Information Services LLC ("Experian").  On September 22, 2010, Plaintiff filed a Response [Docket No. 86] in opposition to the Motions for Summary Judgment.  On October 6, 2010, Trans Union filed a Reply [Docket No. 87].  On October 7, 2010, both Equifax and Experian filed Replies [Docket Nos. 88 and 89].  The Motions for Summary Judgment are now fully briefed and ripe for resolution.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motions have been referred to this Court for a recommendation regarding disposition.  The

Court has reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [#74, 77 & 78] be **GRANTED**.

## I. Summary of the Case

On October 15, 2005, Plaintiff filed for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701, *et seq*.  *Equifax's Motion for Summary Judgment* [#77] at 5 (citing *Exhibit P to Declaration of Vicki Banks* [Docket No. 77-18] at 6 ("Bankruptcy Filed 10/2005; US District Bankruptcy Court; Case or ID # - 0514998; Type - Personal; Filer - Joint; Current Disposition - Discharged CH-7; Current Disposition Date 05/16/2006")).  At that time, Plaintiff was indebted to several creditors, including City Credit Corporation and the Internal Revenue Service ("IRS"), which had placed a tax lien against his property.  *Id.*  On May 16, 2006, Plaintiff's debts, with the exception of the IRS lien, were discharged by the bankruptcy court.  *Id.* (citing *Deposition of Ronald J. Nagim* [Docket No. 77-1] at 26); *see also Exhibit P to Declaration of Vicki Banks* [#77-18] at 6 (showing a bankruptcy case disposition date of May 16, 2005).  Plaintiff paid his past-due taxes to the IRS on August 13, 2008, which resulted in the release of the tax lien.  *Equifax's Motion for Summary Judgment* [#77] at 5 (citing *Exhibit C to Declaration of Vicki Banks* [Docket No. 77-5] at 4 ("Certificate of Release of Federal Tax Lien")).

On February 1, 2010, Plaintiff filed an Amended Complaint [Docket No. 44] in which he alleges that Defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*., by making "inaccurate entries on his credit report" and thereby depressing his credit scores.  *Amended Complaint* [#44] at 1-2.  As best the Court can tell, Plaintiff's

Amended Complaint rests on the premise that FCRA and unspecified sections of the Bankruptcy Code, United States Code Title 11, prohibit consumer reporting agencies such as Defendants from including in a consumer's credit file "any mention of accounts that have been discharged in bankruptcy (or, for that matter, paid in full and closed)." *Equifax's Motion for Summary Judgment* [#77] at 2. The Court construes Plaintiff's Amended Complaint to essentially allege that Defendants acted unlawfully by maintaining information in Plaintiff's credit file (and displaying it on Plaintiff's credit report) that pertained to Plaintiff's discharged debts and closed accounts even after Plaintiff contacted Defendants to request that the information be expunged. The Amended Complaint states five specific violations of FCRA:

> (1) Equifax violated Section 1681i by "delet[ing] information that was unverifiable" from Plaintiff's credit report and then "reinsert[ing] this derogative information back on Plaintiff's credit report," *Amended Complaint* [#44] at 4, ¶12;

> (2) Equifax violated Sections 1681a, 1681b, 1681d, 1681e, 1681g, 1681i, and 1681k by "willfully and intentionally" failing to follow prescribed procedures after receiving notice from Plaintiff that he disputed information on his credit report, *id.* at 5, ¶21; *see also id.* at 7-8, ¶35 ("Equifax willfully and intentionally failed to reinvestigate as prescribed by FCRA after receiving notice of a dispute from [Plaintiff].");

> (3) Equifax, Trans Union, and Experian "willfully and/or negligently" violated Sections 1681a, 1681b, and 1681e by "failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports," *id.* at 6, ¶23;

> (4) Equifax "willfully and/or negligently violated [Section] 1681(a)1(A)[1] by failing to conduct a reasonable reinvestigation as to the Chapter 7 Bankruptcy Code," *id.* at 8, ¶37; and

> (5) Equifax "willfully and/or negligently violated [Section] 1681i(a)(4) by reviewing and considering all relevant information submitted to [it]" regarding "Plaintiff's

---

[1] The Court notes that there is no Section "1681(a)1(A)" in FCRA. The statute contains Section 1681, but it has no subsection (a)(1)(A). FCRA also contains Section 1681a, but it has no subsection (1)(A). Accordingly, the Court does not know which statutory provision Plaintiff asserts was violated.

Chapter 7 Bankruptcy Liquidation," *id.* at 8, ¶38.

Plaintiff asserts that he is entitled to recover damages for these violations pursuant to 15 U.S.C. §§ 1681n and 1681o.  *Id.* at 10, ¶47.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321,

1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

Importantly, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For example, the Court may treat a *pro se* litigant's response as an affidavit if it alleges facts based on personal knowledge and it has been sworn under penalty of perjury.  *See Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)).  However, the Court should neither act as the *pro se* litigant's advocate nor "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  Finally, *pro se* litigants must follow the same procedural rules that govern other litigants.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

The Court addresses each of Plaintiff's five FCRA claims separately.

-5-

## 1.    Plaintiff's Section 1681i Claim Against Equifax

Plaintiff alleges that Equifax violated Section 1681i by "delet[ing] information that was unverifiable" from his credit report and then "reinsert[ing] this derogative information back on [his] credit report." *Amended Complaint* [#44] at 4, ¶12.  Although it is not clear from the Amended Complaint, the Court gathers that the allegedly "unverifiable" information to which Plaintiff refers was information about some of Plaintiff's debts that were discharged in bankruptcy.  *See Equifax's Motion for Summary Judgment* [#77] at 2-3 (construing Plaintiff's Section 1681i claim against Equifax to be premised on an allegation that Equifax "included information in Plaintiff's credit report that had been discharged in bankruptcy" (citing *Deposition of Ronald J. Nagim* [Docket No. 77-1])); *see also Amended Complaint* [#44] at 8, ¶39 (stating that Equifax "has no authority to contact any [of Plaintiff's creditors] outside of the Chapter 7 Bankruptcy" and that Plaintiff was told by Equifax that a "Creditor listed as City Credit was going to stay as is" on Plaintiff's credit report).

15 U.S.C. § 1681i(a)(5)(A)(i) provides that if, after reinvestigation, any information in a consumer's credit file that was disputed by the consumer is "**found to be inaccurate or incomplete or cannot be verified**, the consumer reporting agency shall promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate" (emphasis added).   Equifax has presented the following evidence demonstrating that it did not violate the statute because "Plaintiff's Equifax credit file is, and has been at all relevant times, accurate and up to date." *Equifax's Motion for Summary Judgment* [#77] at 2; *see Deposition of Ronald J. Nagim* [#77-1]; *Declaration of Vicki Banks* [Docket No. 77-2]; *Exhibits A - P to Declaration of Vicki Banks* [Docket Nos. 77-3 – 77-18].

During the period from August 24, 2008 to December 16, 2009, Plaintiff contacted Equifax eight times to dispute information on his Equifax credit report. *Equifax's Motion for Summary Judgment* [#77] at 5-10. Specifically, Plaintiff objected to the appearance on his credit report of (1) information regarding his bankruptcy, (2) his satisfied tax lien, and (3) an account with City Credit Corporation that was discharged during the bankruptcy. *Id.* "Equifax investigated each and every dispute brought to its attention by Plaintiff and mailed responses to him after each investigation, all of which Plaintiff received." *Id.* at 5 (citing *Deposition of Ronald J. Nagim* [#77-1] at 58). After investigation, Equifax determined that all of the information on Plaintiff's credit report was accurate, complete, and verifiable. Equifax informed Plaintiff that "the [tax] lien and release would remain on his credit file for seven years from the date of the release, and that the Chapter 7 bankruptcy would remain on his credit file for ten years from the date his bankruptcy petition had been filed." *Id.* at 9 (citing *Declaration of Vicki Banks* [#77-2] at 10, ¶55; *Exhibit O to Declaration of Vicki Banks* [Docket No. 77-17]); *see also Equifax's Reply* [#88] at 3 ("[T]he Bankruptcy Code . . . does not prohibit consumer reporting agencies from including information regarding discharged debts in consumer credit reports. Equifax is entitled, under the FCRA, to include bankruptcies less than 10 years old and discharged accounts less than 7 years old in consumer credit reports." (citing 15 U.S.C. § 1681c(a)(1) and (4)).

The Court finds that Equifax has made a "prima facie demonstration" that the information it reported on Plaintiff's credit report was accurate, complete, and verifiable. *Adler*, 144 F.3d at 671. Accordingly, the burden shifts to Plaintiff to put forth sufficient evidence that a reasonable jury could find that information on his credit report was inaccurate, incomplete, or unverifiable such that it was required to be removed from the

report under 15 U.S.C. § 1681i(a)(5)(A)(i).  *See Anderson*, 277 U.S. at 248.  Because he

has provided absolutely no competent summary judgment evidence, Plaintiff has not

carried this burden.  *See Equifax's Reply* [#88] at 2 ("Plaintiff has not provided any

evidence in support of his factual assertions[,] and [he] does not dispute the evidence

(including sworn testimony) provided by Equifax, which is unsurprising given that Plaintiff

did not serve any discovery or take any depositions of Equifax."); *see also Bones*, 366 F.3d

at 875 (Conclusory statements based merely on conjecture, speculation, or subjective

belief are not competent summary judgment evidence.).  Plaintiff has not submitted any

exhibits, and he has failed to sign his pleadings under penalty of perjury such that they

could be construed by the Court as affidavits.  Moreover, Plaintiff admitted during his

deposition that the information on his credit report regarding his bankruptcy, tax lien, and

discharged account with City Credit Corporation was correct.  *See Equifax's Motion for*

*Summary Judgment* [#77] at 11 ("[Plaintiff]" does not deny that the tax lien was his." (citing

*Deposition of Ronald J. Nagim* [#77-1] at 161-62)); *id.* at 13 ("Plaintiff does not deny that

he had an account with City Credit Corporation, that the balance is now zero, or that it was

discharged in bankruptcy." (citing *Deposition of Ronald J. Nagim* [#77-1] at 28-29));

*id.* ("Plaintiff does not dispute that the IRS placed a tax lien against his property and that

it was subsequently released, as reported by Equifax." (citing *Deposition of Ronald J.*

*Nagim* [#77-1] at 161-62)).

The Court finds that there is no genuine issue as to the accuracy, completeness,

and verifiability of the information maintained by Equifax in Plaintiff's credit file and reported

on his credit report.  Because Plaintiff cannot prove that any information was inaccurate,

he cannot prevail on his first claim that Equifax violated 15 U.S.C. § 1681i.  Accordingly,

the Court recommends that summary judgment be entered in favor of Equifax and against Plaintiff on Plaintiff's first claim. *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-57 (11th Cir. 1991) ("[C]ourts have assumed that the so-called 'accuracy defense' is a question fit for summary judgment[.]"); *accord DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." (collecting cases)); *id.* at 68 (adopting the majority rule and holding that "if there is no genuine issue as to whether the KeyBank debt reported by Trans Union was inaccurate, [plaintiff]'s claim fails as a matter of law").

### 2.   Plaintiff's Claim Against Equifax Under Sections 1681a, 1681b, 1681d, 1681e, 1681g, 1681i, and 1681k

Plaintiff alleges that Equifax violated Sections 1681a, 1681b, 1681d, 1681e, 1681g, 1681i, and 1681k by "willfully and intentionally" failing to follow prescribed procedures after receiving notice from Plaintiff that he disputed information on his credit report. *Amended Complaint* [#44] at 5, ¶21; *see also id.* at 7-8, ¶35 ("Equifax willfully and intentionally failed to reinvestigate as prescribed by FCRA after receiving notice of a dispute from [Plaintiff]."); *id.* at 8, ¶36 ("Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports."). As an initial matter, Plaintiff's citation to seven separate sections of Title 15 obfuscates the exact nature of his claim. Even though Plaintiff has alleged that Equifax's conduct violated seven separate statutory provisions, the Court is not rigidly constrained by his organization of his Amended Complaint. *See Castro v. United States*, 450 U.S. 375, 381 (2003). Instead, the Court should attempt "to create a better correspondence between

the substance of [Plaintiff's claims] and the underlying legal basis." *Id.* Here, Plaintiff has alleged violations of introductory sections of FCRA ( Section 1681a contains definitions and rules of construction and Section 1681b relates to permissible purposes of consumer reports) and other sections that do not relate to the substance of his second claim (Section 1681d relates to disclosure of investigative consumer reports, Section 1681g relates to disclosures to consumers, and Section 1681k relates to public record information for employment purposes). Accordingly, the Court construes Plaintiff's second claim against Equifax to be a claim under Sections 1681i(a)(5)(A) and 1681e(b).

The Court has already determined, in Part III.1 of this Recommendation, *supra*, that Equifax is entitled to summary judgment on the question of whether it violated Section 1681i(a)(5)(A). Thus, the only question raised by Plaintiff's second claim against Equifax is whether summary judgment is appropriate on the alleged 1681e(b) violation. To prevail on a claim under Section 1681e(b), a consumer plaintiff "must establish that (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury." *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). If the plaintiff cannot establish that the consumer reporting agency prepared a report containing inaccurate information, "'the [plaintiff], as a matter of law, has not established a violation of [Section 1681e(b)], and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency.'" *Ritchie v. TRW, Inc.*, 953 F.2d 1392, 1992 WL 21300, at *2 (10th Cir. 1992) (unpublished table decision) (quoting *Cahlin*, 936 F.2d at 1156).

As set out above in Part III.1, Plaintiff cannot prove that any information in his Equifax credit file or on his credit report was inaccurate.   Accordingly, the Court recommends that summary judgment be entered in favor of Equifax and against Plaintiff on Plaintiff's second claim.

### 3.   Plaintiff's Claims Against All Defendants under Sections 1681a, 1681b, and 1681e

Plaintiff alleges that Equifax, Trans Union, and Experian "willfully and/or negligently" violated Sections 1681a, 1681b, and 1681e by "failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports." *Amended Complaint* [#44] at 6, ¶23.  Because neither Section 1681b (relating to permissible purposes of consumer reports) nor Section 1681a (providing definitions and rules of construction for FCRA) relates to procedural requirements to ensure accuracy, the Court construes Plaintiff's third claim to be a claim under Section 1681e(b).  *See Castro*, 450 U.S. at 381 (allowing the Court to interpret Plaintiff's Amended Complaint where necessary).   The Court has already determined, in Part III.2 of this Recommendation, *supra*, that Equifax is entitled to summary judgment on the question of whether it violated Section 1681e(b).  Thus, the only question raised by Plaintiff's third claim is whether summary judgment is appropriate on the alleged 1681e(b) violations committed by Trans Union and Experian.

To prevail on a claim under Section 1681e(b), a consumer plaintiff "must establish that (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury."  *Cassara*, 276 F.3d at 1217.  If the plaintiff cannot establish that the consumer

reporting agency prepared a report containing inaccurate information, "the [plaintiff], as a matter of law, has not established a violation of [Section 1681e(b)], and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." *Ritchie*, 1992 WL 21300, at *2.

### A.    Trans Union

Trans Union contends that Plaintiff's claim that it violated Section 1681e(b) "fails as a matter of law because: (a) Plaintiff has no evidence that Trans Union did not follow reasonable procedures to assure the maximum possible accuracy of the information contained on Plaintiff's credit reports, (b) affirmative summary judgment evidence proves that Trans Union followed reasonable procedures to assure the maximum possible accuracy of information on Plaintiff's credit reports, [and] (c) Plaintiff admitted his Trans Union credit reports are accurate." *Trans Union's Motion for Summary Judgment* [#74] at 3.  The Court agrees.

To succeed on his claim, Plaintiff must be able to prove that his Trans Union credit report contained inaccurate information. *Ritchie*, 1992 WL 21300, at *2.  Trans Union has provided evidence that the information it reported on Plaintiff's credit report was accurate, complete, and verifiable. *See Declaration of Lynn Romanowski* [Docket No. 75-5].  The Court finds that this evidence is a "prima facie demonstration" that Trans Union complied with the law. *Adler*, 144 F.3d at 671.  Accordingly, the burden shifts to Plaintiff to put forth sufficient evidence that a reasonable jury could find that information on his credit report was inaccurate such that it could support a claim under 15 U.S.C. § 1681e(b). *See Anderson*, 277 U.S. at 248.  Because he has provided absolutely no competent summary judgment evidence, Plaintiff has not carried this burden. *See Equifax's Reply* [#88] at 2 ("Plaintiff has

-12-

not provided any evidence in support of his factual assertions . . . which is unsurprising given that Plaintiff did not serve any discovery or take any depositions[.]”); *see also Bones*, 366 F.3d at 875 (Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.).   Plaintiff has not submitted any exhibits, and he has failed to sign his pleadings under penalty of perjury such that they could be construed by the Court as affidavits.  Moreover, Plaintiff “admitted Trans Union complied with the FCRA and that his Trans Union credit reports are accurate.” *Trans Union's Motion for Summary Judgment* [#74] at 7; *see also id.* at 13 (“Plaintiff agreed that his Trans Union consumer reports are accurate and that Trans Union complied with the FCRA with respect to the accounts reporting on his credit file.”); *id.* at 5 n.6 (citing *Amended Complaint* [#44] at 4, ¶15 (“Trans Union credit reports are accurate[.]”); *Deposition of Ronald J. Nagim* [Docket No. 75-2] at 3, 7, and 9 (agreeing that Trans Union complied with FCRA when reinvestigating Plaintiff's disputes)).

The Court finds that there is no genuine issue as to the accuracy of the information maintained by Trans Union in Plaintiff's credit file and reported on his credit report. Because Plaintiff cannot prove that any information was inaccurate, he cannot prevail on his claim that Trans Union violated 15 U.S.C. § 1681e(b).  *Ritchie*, 1992 WL 21300, at *2. Accordingly, the Court recommends that summary judgment be entered in favor of Trans Union and against Plaintiff on Plaintiff's third claim.

### B.    Experian

Experian contends that Plaintiff's claim that it violated Section 1681e(b) “fails because the information contained in Plaintiff's Experian credit file is accurate.” *Experian's Motion for Summary Judgment* [#78] at 3.  The Court agrees.

To succeed on his claim, Plaintiff must be able to prove that his Experian credit reports contained inaccurate information. *Ritchie*, 1992 WL 21300, at *2. Experian has provided evidence that the information it reported on Plaintiff's credit report was accurate, complete, and verifiable. *See Declaration of Rana Nader* [Docket No. 78-1]; *Declaration of Kim Hughes* [Docket No. 78-4]; *Declaration of Kathleen Centanni* [Docket No. 78-5]. The Court finds that this evidence is a "prima facie demonstration" that Experian complied with the law. *Adler*, 144 F.3d at 671. Accordingly, the burden shifts to Plaintiff to put forth sufficient evidence that a reasonable jury could find that information on his credit report was inaccurate such that it could support a claim under 15 U.S.C. § 1681e(b). *See Anderson*, 277 U.S. at 248. Because he has provided absolutely no competent summary judgment evidence, Plaintiff has not carried this burden. *See Experian's Reply* [#89] at 4 ("Plaintiff makes only unsworn and unsubstantiated allegations, which 'carry no probative weight in summary judgment proceedings.'" (quoting *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006)); *Equifax's Reply* [#88] at 2 ("Plaintiff has not provided any evidence in support of his factual assertions . . . which is unsurprising given that Plaintiff did not serve any discovery or take any depositions[.]"); *see also Bones*, 366 F.3d at 875 (Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.). Plaintiff has not submitted any exhibits, and he has failed to sign his pleadings under penalty of perjury such that they could be construed by the Court as affidavits. Moreover, "Plaintiff openly admits that all of the information contained in his Experian credit file is accurate. In addition, Plaintiff admits that Experian has not violated the FCRA with respect to any accounts that have been reported on his credit file." *Experian's Motion for Summary Judgment* [#78] at 6 (citing *Deposition*

-14-

*of Ronald J. Nagim* [Docket No. 78-3] at 19-20); *see also Experian's Reply* [#89] at 2-3 ("Plaintiff admits in both his deposition, and once again in his Response, that all of the information contained in his Experian credit file is accurate." (citing *Response* [#86] at 3 ("[Trans Union and Experian] have claim [sic] that all information is correct.  For this I may say it is[.]"))).

The Court finds that there is no genuine issue as to the accuracy of the information maintained by Experian in Plaintiff's credit file and reported on his credit report.  Because Plaintiff cannot prove that any information was inaccurate, he cannot prevail on his claim that Experian violated 15 U.S.C. § 1681e(b).  *Ritchie*, 1992 WL 21300, at *2.  Accordingly, the Court recommends that summary judgment be entered in favor of Experian and against Plaintiff on Plaintiff's third claim.

### 4.    Plaintiff's Section "1681(a)1(A)" Claim Against Equifax

Plaintiff alleges that Equifax "willfully and/or negligently violated [Section] 1681(a)1(A) by failing to conduct a reasonable reinvestigation as to the Chapter 7 Bankruptcy Code."  *Amended Complaint* [#44] at 8, ¶37.  As noted above, there is no Section 1681(a)(1)(A) in FCRA.  *See* note 1, *supra*.  Section 1681 has no subsection (a)(1)(A).  And Section 1681a has no subsection (1)(A).  Accordingly, the Court cannot determine which statutory provision Plaintiff asserts was violated.  Considering the substance of Plaintiff's allegation – a failure to conduct a reasonable reinvestigation – the Court construes the allegation as an attempt to state a claim under Section 1681i(a)(5)(A).  The Court has already determined, in Part III.1 of this Recommendation, *supra*, that Equifax is entitled to summary judgment on the question of whether it violated Section 1681i(a)(5)(A).  Accordingly, the Court recommends that summary judgment be entered

in favor of Equifax and against Plaintiff on Plaintiff's fourth claim.

### 5.      Plaintiff's Section 1681i(a)(4) Claim Against Equifax

Plaintiff alleges that Equifax "willfully and/or negligently violated [Section] 1681i(a)(4) by reviewing and considering all relevant information submitted to [it]" regarding "Plaintiff's Chapter 7 Bankruptcy Liquidation." *Amended Complaint* [#44] at 8, ¶38.  15 U.S.C. § 1681i(a)(4) provides as follows: "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph 1(A) with respect to such disputed information."  The Court finds that Plaintiff failed to state a claim that Equifax violated Section 1681i(a)(4) in his Amended Complaint.  Plaintiff did not allege that he submitted information to Equifax as part of a dispute, and he did not allege that Equifax failed to review and consider any such information.  In short, Plaintiff has simply not alleged conduct by Equifax that violated Section 1681i(a)(4).

The Court finds that Plaintiff's failure to state a claim in his Amended Complaint is enough to satisfy Equifax's initial burden of making a "prima facie demonstration" that it did not violate Section 1681i(a)(4).  *Adler*, 144 F.3d at 671.  Moreover, Equifax submitted overwhelming evidence that it properly investigated all of Plaintiff's disputes and appropriately considered any information Plaintiff submitted in support of his positions. *See Declaration of Vicki Banks* [#77-2]; *Exhibits A-P to Declaration of Vicki Banks* [#77-3 – 77-18].  Accordingly, the burden shifts to Plaintiff to put forth sufficient evidence that a reasonable jury could find that he submitted information to Equifax that was then ignored in violation of Section 1681i(a)(4).  *See Anderson*, 277 U.S. at 248.  Because he has

provided absolutely no competent summary judgment evidence, Plaintiff has not carried this burden.  *See Equifax's Reply* [#88] at 2 ("Plaintiff has not provided any evidence in support of his factual assertions[,] and [he] does not dispute the evidence (including sworn testimony) provided by Equifax, which is unsurprising given that Plaintiff did not serve any discovery or take any depositions of Equifax.");  *see also Bones*, 366 F.3d at 875 (Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.).  Thus, the Court recommends that summary judgment be entered in favor of Equifax and against Plaintiff on Plaintiff's fifth claim.

## IV.  Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants' **Motions for Summary Judgment** [#74, 77 & 78] be **GRANTED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: February 8, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge