IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02428-PAB-KLM

RONALD J. NAGIM,

 Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANSUNION, LLC,

 Defendants.

---

**ORDER**

---

  This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 99] filed on February 8, 2011. Magistrate Judge Kristen L. Mix recommends that the Court grant defendants' motions for summary judgment [Docket Nos. 74, 77, 78]. Plaintiff filed timely objections [Docket No. 101]. The Court, therefore, "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), and reviews the pro se plaintiff's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

  Plaintiff brought claims against defendants, which are Credit Reporting Agencies ("CRAs"), arising out of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* As the Recommendation concluded, plaintiff's allegations can be construed to raise claims pursuant to §§ 1681e and 1681i. Defendants have supplied uncontested

evidence that plaintiff's credit reports were accurate and that they followed appropriate procedures in ensuring such accuracy as required by the relevant FCRA sections.  In the absence of any genuine dispute of material fact, or introduction of any contrary evidence by plaintiff, the Court finds that defendants are entitled to summary judgment on plaintiff's FCRA claims.  Plaintiff also speculates that defendants "depressed" his credit scores in retaliation for his requests for corrections to his credit reports.  Even assuming such an allegation could support a cognizable claim pursuant to the FCRA, plaintiff fails to identify any evidence in support of the allegation.  Instead, plaintiff merely repeats general and conclusory allegations that defendants acted wrongfully, which is insufficient to survive summary judgment.[1]  *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings.  To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.").

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 99] is ACCEPTED.  It is further

**ORDERED** that defendants' motions for summary judgment [Docket Nos. 74, 77, 78] are GRANTED.  It is further

**ORDERED** that plaintiff's "Motion for Hearing" [Docket No. 100] and "Motion to

---

[1] In addition to his objections, plaintiff has included these reassertions of his allegations in additional filings. *See* "Motion for Hearing" [Docket No. 100]; "Motion to Show Cause" [Docket No. 102].

Show Cause" [Docket No. 102] are DENIED. It is further

**ORDERED** that, consistent with the foregoing, judgment shall enter in favor of defendants and against plaintiff.

DATED May 9, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge