IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02428-PAB-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANS UNION, LLC,

    Defendants.

## ORDER

This matter is before the Court on the proposed bill of costs [Docket No. 128] and motion for costs [Docket No. 129] filed by defendant Equifax Information Services, LLC ("Equifax"). Equifax incorrectly states that final judgment entered on November 3, 2011, the date that the United States Court of Appeals for the Tenth Circuit affirmed the Court's granting of summary judgment in favor of defendants. *See* Docket No. 125. In fact, judgment entered in favor of Equifax on May 13, 2011. *See* Docket No. 106. "A bill of costs must be filed on the form provided by the court within 14 days after entry of the judgment or final order." D.C.COLO.LCivR 54.1. Equifax, however, did not file a proposed bill of costs within 14 days after entry of judgment. Rather, Equifax untimely filed its bill of costs and motion for costs on November 17, 2011. Moreover, the fact that plaintiff filed a notice of appeal within 14 days after entry of judgment did not affect the time period under Local Rule 54.1. *Cf. Blakley v. Schlumberger Technology Corp.*,

648 F.3d 921, 930 (8th Cir. 2011) ("[Appellant] has cited no authority prohibiting a district court from granting costs after a party has filed a notice of appeal."). No party sought or received a stay of the judgment pending the appeal pursuant to Fed. R. App. P. 8(a)(1)(A). And, to the extent Equifax is seeking costs arising from the appeal, it has directed its request to the wrong Court. See Fed. R. App. P. 39.[1] Therefore, it is

**ORDERED** that Equifax's motion for costs [Docket No. 129] is DENIED.

DATED November 28, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] The Court also notes that Equifax's motion for costs does not comply with D.C.COLO.LCivR 7.1C, which requires that a "motion involving a contested issue of law . . . shall be supported by a recitation of legal authority *incorporated into the motion*." (emphasis added). See Docket No. 130.